UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEDIN ESAU GOMEZ UNEZ,<br>*Petitioner* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. SA-26-CA-00172-XR |
| SEC. OF DHS KRISTI NOEM et al.,<br>*Respondents* | §<br>§<br>§ | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Kedin Esau Gomez Funez's[1] Petition for a Writ of Habeas Corpus (ECF No. 1) and Motion for a Temporary Restraining Order (ECF No. 2) and the Federal Respondents' Abbreviated Response (ECF No. 5). After careful consideration, the Petition is **GRANTED,** and his Motion (ECF No. 2) is **DENIED AS MOOT**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Kedin Esau Gomez Funez (A243-032-337) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **January 28, 2026.**

2. Respondents must **NOTIFY** Petitioner's counsel by email[2] of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release;**

3. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that Petitioner be afforded a bond hearing; and

4. Respondents shall **FILE** a status report on **January 29, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

---

[1] Petitioner's correct name appears to be Kedin Esau Gomez Funez. *See* ECF No. 5 at 1 n.1.

[2] Dan Gividen, dan@gividenlaw.com, 972-256-8641.

**FACTUAL BACKGROUND**

Petitioner, a native and citizen of Honduras, is currently detained at the Karnes County Immigration Center, in Karnes City, Texas. ECF No. 1 ¶ 22. Petitioner last entered the United States without inspection in 2009. *Id.* Since then, he established a stable life, including owning and operating a restaurant, maintaining steady employment, and supporting his family, including his wife and three U.S. citizen children. *Id.* ¶¶ 22–23 He has no criminal history. *Id.* ¶ 25.

On January 6, 2026, Petitioner was arrested by police in Cisco, Texas, after being pulled over for speeding. *Id.* ¶ 24. He was then transferred to Eastland County, and since has been transferred into U.S. Immigrations and Customs Enforcement ("ICE") custody without a bond hearing pending removal proceedings for entering without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). *See id.* ¶¶ 2, 15.

**PROCEDURAL HISTORY**

Petitioner filed a habeas petition asserting that his detention violates the Immigration and Nationality Act ("INA") and his due process rights. *See* ECF No. 1.

Respondents detained Petitioner without a bond hearing, based on a novel reading of 8 U.S.C. § 1225(b) adopted by the Board of Immigration Appeals ("BIA")—described more fully herein—that has been rejected by this Court. *See, e.g.*, *Granados v. Noem*, No. SA-25-CA-1464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025); *Pineda v. Noem*, No. SA-25-CA-1518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025). The Court directed Respondents to consider its orders in those cases and note any material differences in this one. *See* ECF No. 3.

Respondents filed an abbreviated response to preserve the legal issues and to conserve resources. ECF No. 5. They acknowledge that, because there are no material differences between this case and *Granados* or *Pineda*, "the Court can decide this matter without delay." *Id.*

**LEGAL STANDARD**

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

**DISCUSSION**

**I.     Legal Framework for Immigration-Related Detention**

Relevant here, the INA prescribes two forms of detention for noncitizens in removal proceedings—mandatory detention under 8 U.S.C. § 1225(b) and discretionary detention under 8 U.S.C. § 1226(a). Noncitizens subject to discretionary detention under Section 1226(a) are entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d).

Respondents contend that Petitioner's detention is governed by 8 U.S.C. § 1225(b), which provides for *mandatory* detention of (i) certain noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and (ii) other recent arrivals "seeking admission" under 8 U.S.C. § 1225(b)(2). As the Supreme Court has explained, Section 1225 "applies primarily to [noncitizens] seeking entry into the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Noncitizens detained under this provision may be released only through the Department of Homeland Security's exercise of its parole authority under 8 U.S.C. § 1182(d)(5)(A). *Id.* at 300.

Section 1226, on the other hand, has historically been understood to "appl[y] to aliens already present in the United States." *Jennings*, 583 U.S. at 303. Indeed, for nearly three decades, Respondents consistently considered noncitizens present in the United States without having been admitted or paroled as being detained under 8 U.S.C. § 1226(a) and thus entitled to bond hearings.[3]

In 2025, Respondents adopted a novel theory that noncitizens who are present in the United States without admission or parole are ineligible for bond hearings.[4] Ultimately, the BIA adopted this position in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), holding that all noncitizens who entered the country without inspection are subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). Courts across the country, including this one, have rejected Respondents' broad interpretation of Section 1225(b),[5] relying on several rationales, from statutory language and context to legislative history and longstanding agency practice.[6]

## II.     This Court's Previous Rulings

### A.     Subject Matter Jurisdiction

In previous cases, Respondents have argued that several provisions of the INA divest the Court of jurisdiction to consider habeas petitions challenging this novel theory of detention. *See,*

---

[3] *See, e.g.*, Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (stating that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination").

[4] In July 2025, Todd Lyons, Acting Director of ICE, issued an internal memorandum explaining that the agency had "revisited its legal position" and "determined that [Section 1225] of the [INA], rather than [Section 1226], is the applicable immigration detention authority for all applicants for admission." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 217–18 (D. Mass. 2025).

[5] *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same); *Acea-Martinez v. Noem*, No. 5:25-cv-1390-XR, ECF No. 9.

[6] *See Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases); *see, e.g.*, *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) (noting that the BIA's interpretation in *Matter of Hurtado* was not entitled to any deference under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and was unpersuasive given its "inconsistency with prior pronouncements"); *see also id.* at * 5 (noting that Respondents' interpretation would render a recent amendment to the INA, the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), "effectively meaningless").

*e.g.*, *Granados*, 2025 WL 3296314, at *1–4. But the Court found each of the jurisdiction-stripping provisions cited by the government to be inapposite. For example, 8 U.S.C. §§ 1252(g) and (b)(9) deprive the Court of jurisdiction to consider challenges to *removal proceedings*, not challenges to *detention*. *See id.* at *1–3. Similarly, 8 U.S.C. § 1225(b)(4), which addresses challenges by immigration office*r*s to *favorable* admissions decisions, has nothing to do with detention. *See id.* at *3. Finally, 8 U.S.C. § 1226(e) bars judicial review of *discretionary* detention decisions, not mandatory detention under Section 1225(b). *See id.* at *3–4.

### B. Merits

Turning to the merits, the Court has previously held that noncitizens who entered the United States without inspection and are in "full" removal proceedings for their mere "unlawful presence" are not subject to mandatory detention under either Section 1225(b)(1) or (b)(2), as a textual matter. *Granados*, 2025 WL 3296314, at *6; *Pineda*, 2025 WL 3471418, at *5.[7]

#### 1. Section 1225(b)(1)

To begin, Section 1225(b)(1) does *not* authorize the detention of noncitizens charged with removability for mere unlawful presence in the United States under 8 U.S.C. § 1182(a)(6)(A)(i). *Pineda*, 2025 WL 3471418, at *6. Indeed, Section 1225(b)(1) applies only to noncitizens found subject to expedited removal for either (i) seeking admission by fraud or willful misrepresentation, 8 U.S.C. § 1182(a)(6)(C), or (ii) lacking proper entry documentation, § 1182(a)(7). *See* 8 U.S.C. § 1225(b)(1)(A)(i). To be detained under Section 1225(b)(1), an alien must be found inadmissible under one of those two provisions when "arriving" at a port of entry or apprehended within two years of their entry into the United States. *See* 8 U.S.C. § 1225(b)(1)(A)(i), (iii)(II); Designating Aliens for Expedited Removal, 90 Fed. Reg. 8139, 8139-40 (Jan. 24, 2025).

---

[7] The Court did not reach the petitioners' constitutional claims in either case.

### 2. Section 1225(b)(2)

Second, noncitizens who entered the United States without inspection cannot be later be detained under Section 1225(b)(2) because, by definition, they are not "seeking admission" within the meaning of the INA at the time of their detention. *Granados*, 2025 WL 3296314, at *6; *Pineda*, 2025 WL 3471418, at *5. As the Supreme Court has explained, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Jennings*, 583 U.S. at 289 (emphasis added). "The terms 'admission' and 'admitted' mean, with respect to an alien, the *lawful entry* of the alien into the United States *after inspection and authorization by an immigration officer*." 8 U.S.C. § 1101(a)(13)(A) (emphasis added). A noncitizen who enters without inspection "[is] not seeking entry, much less 'lawful entry . . . after inspection and authorization." *Granados*, 2025 WL 3296314, at *6 (citing *Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status.")).

## III. Analysis

Given the absence of any material differences between this case and *Granados* or *Pineda*, Petitioner cannot be detained under Section 1225(b)(1) or (b)(2).[8] Because Respondents do not claim that Petitioner is being detained under Section 1226, "the Court sees no reason to consider" Section 1226 as a basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). Thus, Petitioner's detention is unlawful, and habeas relief is proper. Petitioner must be released from detention.

---

[8] Respondents' legal arguments in those cases are incorporated herein and preserved for the purposes of any future appeal.

Petitioner requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**, and Respondents are **DIRECTED** to release Petitioner in accordance with the parameters set forth on the first page of this order.

Petitioner's motion for a temporary restraining order/preliminary injunction (ECF No. 2) is **DENIED AS MOOT**.

It is so **ORDERED**.

**SIGNED** this 26th day of January, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE